JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-07835-RGK (RZx) | Date | September 30, 2011 |
|---|---|---|---|
| Title | *SHENKMAN v. CHIPOTLE MEXICAN GRILL INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On August 19, 2011, Kevin Shenkman ("Plaintiff") filed suit against Chiptole Mexican Grill Inc. ("Defendant"). In his Complaint, Plaintiff asserts state claims for negligent misrepresentation, intentional misrepresentation, fraud, violation of California's False Advertising Act under California Business and Professional Code § 17500, and violation of California's Unfair Business Practice Act under California Business and Professional Code § 17200. Plaintiff purports to bring a class action complaint on behalf of a class of California residents who abstain from eating pork or bacon and who purchased pinto beans from Chipotle.

On September 22, 2011 Defendant removed the case to this Court on the basis of jurisdiction under 28 U.S.C. § 1332(a) or under the Class Action Fairness Act, specifically 28 U.S.C. § 1332(d).

Pursuant to 28 U.S.C. § 1332(a), district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged. Defendant shows that the value of the injunctive relief requested would exceed $75,000 but such amount is the entire sum of the injunctive relief requested and not the value of the injunctive relief as to each member of the potential plaintiff class. Accordingly jurisdiction fails under 28 U.S.C. § 1332(a)

Under the Class Action Fairness Act, a class with minimal diversity may be removed if the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). Defendant has adequately demonstrated minimal diversity but has not demonstrated that the amount in controversy exceeds the amount necessary to meet the jurisdictional limitations. Defendant calculates the amount in controversy by making significant assumptions. Defendant assumes that at least a certain number of members of the

potential class will have bought pinto beans and that at least a certain percent of their sales figures will be subject to the damages requested by Plaintiff. Based on these assumptions, Defendant argues that the amount in controversy exceeds $5,000,000. However, equally valid assumptions could be made that result in damages that are less than $5,000,000. Without any evidence supporting Defendant's assumptions, the Court finds Defendant's calculations unpersuasive.

The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Accordingly, Defendants has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |